## Firestone, Appellant, *v.* First Slavish Roman Catholic Greek Rite Church.

*Corporations—Church law—Annual meetings—Trustees—Evidence.*

Where a church corporation has no by-laws, and the date of its annual meetings is not established by any custom, evidence of the date of meetings of a faction of the congregation after its division is inadmissible to show a custom as to the time of holding annual meetings before the division.

Argued March 7, 1906. Appeal, No. 121, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Sept. Term, 1902, No. 58, on verdict for defendants in case of Henry Firestone v. First Slavish Roman Catholic Greek Rite Church of Duquesne, Pennsylvania, Michael Hriezo, Joseph Llyke and George Lukac, Trustees. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Ejectment for land in the borough of Duquesne.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were in refusing to admit the offers of testimony referred to in the opinion of the Supreme Court.

*A. H. Rowand*, with him *H. H. Rowand* and *William Vokolek*, for appellants.

*F. W. Miller*, with him *John S. Robb*, for appellees.

OPINION BY MR. JUSTICE FELL, April 9, 1906 :

This was an action of ejectment to recover possession of a church property which the plaintiff had purchased at public sale, with notice that the power of the trustees to make the sale would be contested. The validity of the plaintiff's title depended upon the regularity of the proceedings that led up to the sale. The title was in the corporation, and the sale was made and the deed executed by persons who claimed to have been elected trustees at a meeting held for that purpose on May 19, 1901, and to have been authorized at a subsequent meeting to sell the property at public sale. The charter of the church provides that " Trustees shall be chosen by the male members of the church, above the age of twenty-one years, in good and regular standing, at an annual meeting at which a majority shall be present." The main questions of fact in dispute at the trial were whether the meeting of May 19 was an annual meeting for the election of trustees, and whether the persons declared to have been elected had received a majority of the votes of members in good standing at the meeting. The first question could have been readily determined had there been by-laws fixing the time of the annual meetings. There were no by-laws, and there was no established custom that fixed a time for holding meetings. It appeared from the minutes of one of the church meetings that it had been determined that a member in good standing was " one who lives a moral life and regularly supports the church," but whether the contribution essential to membership was indefinite in amount or fixed at fifty cents a month was in dispute. The congregation was divided into two factions, one desiring to continue the church at Duquesne and the other desiring to move it to McKeesport, and all of the important facts were in dispute.

The case was carefully submitted by the learned trial judge, and the only question now to be considered is whether there was error in overruling the plaintiff's offer in rebuttal to show by the minutes of the Duquesne faction when the annual meetings had been held in 1902 and 1903, and the number of members that had been in attendance at these meetings. These minutes were of meetings of a faction of the congregation after its division, and would not have shown a custom as to the time of holding annual meetings before the division, nor would they have shown the membership of the church in May, 1901. They were therefore properly excluded.

The judgment is affirmed.